IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE EPPERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-109 |
| | ) | |
| DEPUTY MICHAEL COLE and | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). The Court has been informed the last Order entered in this case on July 11, 2025, has been returned as undeliverable; Plaintiff is no longer located at the address he has on file with the Court. (See doc. no. 9.) Specifically, the returned envelope was stamped "the inmate is no longer at the Charles B. Webster [Detention Center]" and handwritten next to the stamp was the word "released." (Id. at 5.) Plaintiff was directed in the Court's May 8, 2025 Order to immediately inform the Court of any change in address, and he was told that the failure to do so would result in dismissal of this case. (Doc. no. 3, p. 3.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556

F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to keep the Court informed of his address is a direct violation of the Court's May 8th Order and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Plaintiff was warned that noncompliance could result in dismissal of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP and no portion of the filing fee has been paid. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

adjudication on the merits.[1]  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).